Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527   Fax (914) 923-8913
*paulcist@justice.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMESLEY GAUDIN,

                Plaintiff,                  VERIFIED COMPLAINT
                                                       **AND JURY TRIAL DEMAND**

    -against-

                                                         INDEX NO. _____

                                                         ASSIGNED JUDGE:_____

CUZJACK/TRIUMPH CONSTRUCTION CORP.,

                Defendant.
-----------------------------------------------------------x

      Plaintiff Jamesley Gaudin, by and through his attorney, Paul N. Cisternino, as and for his Verified Complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*,

the Americans With Disabilities Act of 1990, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that he was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on race, color and/or disability, subjected to retaliation and to a hostile work environment, and also to unlawful termination.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided within the State of New York.

8. Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

2

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 37 year-old African American male who had been employed by the Defendant for approximately five years, working most recently as a Flagman.

11. During his period of working for the Defendant the Plaintiff has always acted in a professional manner; he has had neither time, attendance, disciplinary nor negative performance issues of any kind; for the bulk of his tenure with the Defendant, the Plaintiff was unarguably "highly regarded" for his work performance.

12. While working for the Defendant the Plaintiff believes he was subjected to various types of discrimination, including but not limited to, unequal pay and unlawful termination, based on his race and/or color, that he was exposed to a racially hostile work environment and to retaliation.

13. Upon information and belief, of the approximately 160 employees at the Defendant only 5 or so were African American.

14. During his work tenure the Plaintiff believes he was underpaid based on his race; significantly, a contract with the City of New York required that the Defendant pay the Plaintiff between $39.80 to $41.80 per hour, however, the most Plaintiff was paid was $36.00 per hour.

15. The Defendant's Chief Executive Officer and owner was Carlo Cuzzi (hereinafter "Cuzzi"); Plaintiff's immediate supervisor at work was Norberto Goncalves (hereinafter "Goncalves"); in additional to objectionable comments made throughout the

3

workplace by various Defendant employees which were never addressed, the Plaintiff personally heard Goncalves repeatedly use the "n" word; Goncalves also often referred to the Plaintiff as "blackman".

16. There was also another Caucasian employee, name unknown, who exhibited a confederate flag and often wore Nazi regalia, which included his displaying a swastika on his work helmet; no remedial action was taken by any Defendant manager to stop this behavior.

17. In another instance, a member of another of Defendant's work crews posted derogatory racial comments on the internet using terms like "crackhead" and the "n" word referring specifically to the Plaintiff's crew who were working at 134th Street and the Bruckner Boulevard in the Bronx.

18. Recently, when a new Caucasian employee started at the Defendant he was paid at the hourly rate of $39.80, which was more than the Plaintiff was making, even though the new worker had less experience and seniority.

19. The Plaintiff often complained to both Cuzzi and Goncalves about being underpaid and about other issues, but they refused to address his concerns; in fact, Goncalves, in particular, was angered that the Plaintiff even complained and implied that such complaining would be to the Plaintiff's detriment.

20. Sometime during October 2015, the Plaintiff fell in the rear of one of Defendant's trucks and injured his back which required him to leave work.

21. Soon thereafter the Plaintiff was terminated by Cuzzi, upon information and belief, illegally based on his race/color, disability, and/or having previously complained of discriminatory treatment by the Defendant.

4

22. The Defendant never spoke to the Plaintiff about his physical condition after his fall or attempted to ascertain it's effect upon Plaintiff's ability to perform his job duties; at this time the Plaintiff was also threatened that ten other Defendant employees would be terminated if he tried to exert his rights by filing any type of complaint.

23. To Plaintiff's knowledge, if the Defendant has a written anti-discrimination policy, they do not properly post it, distribute it to employees or enforce it.

24. Since being terminated, the Plaintiff has been unable to obtain replacement employment, despite his good faith efforts to do so.

25. At the time of his termination the Plaintiff was making approximately $75,000 per year.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290

28. The Plaintiff repeats and realleges each and every allegation contained in

5

paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### AS AND FOR A THIRD CAUSE OF ACTION BASED ON DISABILITY UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under the ADA, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION BASED ON DISABILITY UNDER NEW YORK EXECUTIVE LAW §290

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. By engaging in the foregoing conduct, Defendant has violated Plaintiff's

6

rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### AS AND FOR A FIFTH CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

34. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" as though fully set forth herein.

35. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A SIXTH CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

36. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" as though fully set forth herein.

37. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental

anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

38. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "37" as though fully set forth herein.

39. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER NEW YORK EXECUTIVE LAW §290

40. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" as though fully set forth herein.

41. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jamesley Gaudin respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: Ossining, New York
       December 13, 2016

                                        Respectfully submitted,

                                        Law Office of Paul N. Cisternino, P.C.
                                        *Attorneys for Plaintiff*

                                        Paul N. Cisternino (PC-0317)

9

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF WESTCHESTER    )

Jamesley Gaudin, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/19

Subscribed and sworn to before me this 13th day of December 2016.

_____
Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    INDEX NO. _____

JAMESLEY GAUDIN, Plaintiff

-against-

CUZJACK/TRIUMPH CONSTRUCTION CORP., Defendant

VERIFIED COMPLAINT AND

JURY TRIAL DEMAND

Law Office of Paul N. Cisternino, P.C.
16 Briarbrook Road
Ossining, New York 10562
Tel: (914) 330-1527
*paulcist@justice.com*

- Litigation Back -